# Cofer v. Moore.

*Bill in Equity for Rescission of Contract, on ground of Fraud.*

1. *Rescission of contract on ground of fraud.*—A court of equity will rescind a contract into which the party complaining was induced to enter by the misrepresentation of a material fact by the other party, on which he might properly rely, and by which he was injured; as here, where the complainant, a non-resident, was entitled to a half interest in the estate of his deceased grandmother, which estate was worth between $3,000 and $4,000, and was induced to sell his interest for $300 to a cousin, who was entitled to a part of the other half interest, and who was well acquainted with all the facts relating to the estate; and the contract being rescinded as against the party who procured it, a third person who was interested with him in the purchase, but who had no part in the fraudulent misrepresentations, can take no benefit under it.

APPEAL from the Chancery Court of Cullman.
Heard before the Hon. THOMAS COBBS.

W. T. L. COFER, and J. W. AUSTIN, for appellants.

PARKER & BROWN, *contra*.

CLOPTON, J.—Appellee seeks by the bill the cancellation of a conveyance of all his right, title and interest in and to the estate of Sarah Moore, to appellants, the ground of relief being that it was obtained by fraudulent misrepresentations. Sarah Moore, who was the grand-mother of complainant, and of the defendant, George G. Markland, died intestate in October, 1886, being at the time of her death a resident of the county of Cullman in this State. As heir and distributee, complainant is entitled to one half, and

45

Markland and his brothers and sisters, seven in number, to the other half of the estate of decedent. The charge of fraud is, a misrepresentation as to the condition and value of the estate, by which complainant was induced to sacrifice his interest for an inadequate consideration. The equity of the bill rests on the general doctrine, that a party is entitled to avoid a contract, into which he has been induced to enter, by a misrepresentation by the other contracting party, of a fact directly relating to the subject-matter, and material to the transaction, upon which the party to whom it is addressed may reasonably rely and act. The bill alleges all the elements essential to constitute a misrepresentation fraudulent. There can be no question as to its equity. Without specially reviewing the evidence, we remark, that it satisfactorily establishes the allegations of the bill.

The specific representations charged to have been made by Markland are, that Sarah Moore had left a small estate, which consisted of a house and lot in the town of Cullman, and sixty or eighty acres of pine land, the entire estate being worth about one thousand dollars; that there was no administration on the estate, but Charles Albes, their uncle, wanted to be appointed administrator; that he, Markland, had applied for the appointment of himself, and if Albes was appointed, the heirs would not get anything; and also, that he had bought the interest of some of the heirs for seventy-five dollars each, and proposed to give complainant three hundred dollars for his interest, as he was entitled to one half. This was an affirmative statement of existing facts, relating to the subject-matter, and material to the transaction, in contra-distinction to a mere expression of opinion, judgment, or expectation.

Letters of administration had been previously issued to Albes. Markland had made application to the Probate Court, to revoke these letters, and to grant the administration to him. His application was refused, January 17, 1887. A few days thereafter, he left Alabama, by agreement with his co-defendant, Cofer, to go to Arkansas, for the purpose of purchasing, for the benefit of both, the share of complainant in the estate. On January 25, just eight days afterwards, he arrived in Arkansas, where complainant resided, and had been residing for several years. Immediately after his arrival he had an interview with complainant, and also with his mother and step-father, at which time he made the representations charged. On the following day the trade

was concluded, and the conveyance executed. The representations having been prior to the transaction, and being of such character that the natural and necessary consequence was to induce complainant to enter into the contract, the presumption arises, that they were made with the design to induce such action. But we need not depend on a presumption; the facts and circumstances clearly show that the purpose and design of Markland, in making the statement, was to induce complainant to sell his interest in the estate for a small price.

It is evident from the proof, that the estate consisted of two hundred acres of land, a house and lot in Cullman, and over twenty-eight hundred dollars of solvent notes, the aggregate value exceeding four thousand dollars. Markland, in his application to revoke the letters issued to Albes, which was verified by him, states that the property of the estate was worth about three thousand dollars. The falsity of the representations, of which Markland had actual and positive knowledge, is clearly shown. It is equally manifest that, under the circumstances, complainant was justified in relying upon the statements, and that they were the immediate cause of his entering into the contract of sale. He was ignorant of his grandmother's death, and also of the nature and value of her estate, until informed by Markland, who was his cousin, and had been in Alabama looking after the estate. Complainant had no opportunity to resort to any means, or make any examination, to ascertain the truth of the statements. They were concerning facts of which Markland had knowledge, and complainant was uninformed. Markland having made statements, of the untruth of which he had actual and positive knowledge, and also of complainant's ignorance, the intent to deceive necessarily results.—2 Pom. Jur. §§ 876-892.

The price at which Markland purchased complainant's interest was three hundred dollars, fifty dollars to be paid as soon as it could be sent by his co-defendant and co-purchaser, and the balance in thirty, sixty and ninety days, not exceeding one-fifth of the real value of his interest. While inadequacy of consideration, of itself, is not a ground of relief, unless so gross as to shock the conscience, when connected with suspicious circumstances or misrepresentations of material facts, it affords a vehement, if not conclusive evidence of fraud.

The defendant Cofer, in his testimony, denies that there

was any agreement or understanding between him and Markland, to resort to any means or misrepresentations to induce complainant to sell his interest. On his testimony, which is unimpeached, and uncontradicted, he must be acquitted of any fraudulent design or purpose. Notwithstanding, he can obtain no advantage or benefit from the fraud of Markland, who was his co-purchaser, and represented him in the transaction. The burden of fraud passes to him, though he may be innocent.

We concur in the rulings and conclusions of the chancellor.

Affirmed.